NICHOLAS W. HORNBERGER, BAR NO. 53776
NATHAN VERBISCAR-BROWN, BAR NO. 286377
HORNBERGER LAW CORPORATION
633 W. Fifth Street, 28th Floor
Los Angeles, California 90071
Tel (213) 488-1655
Fax (213) 488-1255

Attorneys for Plaintiff
AIMEE LAMBERT and the CLASS

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIMEE LAMBERT, an individual, on behalf of herself and all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>BUTH-NA-BODHAIGE, INC., a Delaware corporation; RAZE MEDIA, LLC, a Texas limited liability company; and DOES 1 -50, inclusive<br><br>Defendants. | CASE NO.:<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Aimee Lambert ("Plaintiff"), on behalf of herself and the Class of all other similarly situated persons defined below, demands a trial by jury and hereby complains and alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. This action is brought on behalf of all consumers who have received unsolicited and un-censored text messages on their cellular telephones from Buth-Na-Bodhaige, Inc. and Raze Media, LLC. ("Defendants"), in violation of the Federal Telephone Consumer Protection Act.

## JURISDICTION AND VENUE

2. This Court has federal questions jurisdiction because this case arises out of a violation of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC* 132 S. Ct. 740 (2012).

3. Venue is proper in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because Defendants are subject to personal jurisdiction in the County of Sacramento, California and Plaintiff received the text messages at issue in this case in Sacramento County, California.

## PARTIES TO THE ACTION

4. Plaintiff Aimee Lambert is a real person residing in the County of Sacramento, State of California. She received an unsolicited and un-censored text message from Defendants on October 18, 2013.

5. On information and belief, Defendant Buth-Na-Bodhaige, Inc. is a Delaware corporation with its principal place of business located at 5036 One World Way, Wake Forest, North Carolina, that provides beauty products to its customers, including customers in California.

6. On information and belief, Defendant Raze Media, LLC is a Texas limited liability company with its principal place of business located at 400 N. St. Paul, Suite 240, Dallas, Texas, and is engaged in the business of consulting and executing advertising campaigns, including *inter alia* text message campaigns to mobile and/or cellular telephones together with its clients.

7. Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein under fictitious names Does 1 through 50, inclusive, and therefore sues such Defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of said fictitiously named Defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes and thereon

**CLASS ACTION COMPLAINT**

alleges that each of the fictitiously named Doe Defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by Plaintiff and the Class. Each reference in the complaint to "Defendants," "Defendant," or a specifically named defendant refers also to all Defendants sued under fictitious names.

8. Plaintiff is informed and believes and thereon alleges that all Defendants were at all relevant times acting as actual agents, conspirators, aiders and abettors who provided substantial assistance with knowledge of the wrongful conduct, ostensible agents, partners and/or joint venturers and employees of all other Defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, joint venture, conspiracy and/or enterprise, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their Co-Defendants.

9. Plaintiff is informed and believes and thereon alleges that Defendants are alter egos of each other. Plaintiff is informed and believes and thereon alleges that there is common control over Defendants, and that they operate pursuant to a common business plan. There is unity of interest among Defendants. The alternative alter ego relationship among the Defendants should be recognized to prevent an injustice. If the alter ego relationship among Defendants is not recognized, an inequity will result because an entity responsible for wrongdoing will be shielded from liability. Moreover, the Co-Defendant entities that make, in whole or in part, the decisions concerning the wrongdoing alleged herein would escape liability, which is inequitable. Furthermore, the alter ego relationship should be recognized to ensure effective injunctive and declaratory relief, so that the wrongful practices alleged herein are not relocated to an affiliated company.

////

## GENERAL ALLEGATIONS

10.   In the past decade, communications via short message service ("SMS") technology and/or multimedia message service ("MMS") have proliferated throughout the United States.

11.   Today, billions of consumers worldwide have telephonic devices which permit them to receive SMS and/or MMS messages, permitting consumers throughout California and the rest of the United States to engage in telephone conversations using such messages.

12.   For many consumers (e.g. hearing impaired persons), SMS and/or MMS messages are the only way they converse on the telephone. Marketing (a/k/a commercial solicitation) through message service messages is inherently injurious to consumers who have telephonic devices with SMS and/or MMS message capabilities (e.g. cellular telephones and pagers). In fact, such marketing has injured consumers. For example, as a consequence of marketing via message service messages:

   a. Consumers incur increased monetary costs for their message services;
   b. Consumers lose storage capacity on their telephones and related devices;
   c. The limited storage capacity of telephonic devices can be exhausted by unwanted message service messages resulting in the inability of consumers to receive necessary and/or expected communications;
   d. Consumers are deprived of the opportunity to immediately question a seller of goods and services about the veracity of the seller's claims;
   e. The privacy of consumers is invaded;
   f. The telephone networks upon which consumers rely are used inefficiently and harmed to the detriment of consumers;
   g. Consumers get annoyed and harassed; and
   h. Consumers and their property are susceptible to injury and/or are injured in other ways according to proof.

1    13.    On or about October 18, 2013, Defendants sent Plaintiff an unsolicited
2 and un-consented to text message.
3    14.    The text message read:
4       "Welcome! The Body Shop will send you exclusive offers
5       shortly. Consent is not required for purchase.
6       Msg&dataMayApply. TestSTOPtoQuit T&C at
7       http://bit.ly/19R3t9c."
8    15.    Later that same day, Plaintiff received another unsolicited and un-
9 consented to text message that read:
10      "The Body Shop: Get an additional 20% OFF when you shop
11      in-store through 10/20/13. Show this text or get coupon by
12      visiting http://bit.ly/1g60Qnv TxtSTOPtoOptOut."
13   16.    The caller identification associated with these received text messages is
14 896-86, short code that, on information and belief, is owned by Defendant Raze
15 Media, LLC.
16   17.    The links associated with the above-identified SMS messages directed
17 the user to websites owned and/or operated by Raze Media, LLC.
18   18.    Upon information and belief, Defendants sent numerous such
19 unsolicited and un-consented to text messages to many persons.
20   19.    Defendants' text message was a solicitation of business from Plaintiff.
21   20.    At no time did Plaintiff expressly consent to receive such messages
22 from Defendants.
23   21.    Upon information and belief, Defendants utilize an "automatic
24 telephone dialing system," ("ATDS") as defined by 47 U.S.C. section 227(a)(1) to
25 send the above-referenced text messages to Plaintiff and others similarly situated.
26 This ATDS has the capacity to store or produce telephone numbers to be called,
27 using a random or sequential number generator.
28

22. Defendant Raze Media, LLC's website specifically states that it may use an automatic telephone dialing system to deliver its messages.

23. On information and belief, Defendant Raze Media, LLC is integrally involved in the marketing campaigns that its customers launch from its platform. Raze Media, LLC assists its customers not only with the technology necessary to send SMS message "blasts" but is involved in the creation of "creative content," program initiation, and campaign implementation. It provides QR code marketing, mobile applications and mobile website development, all connected with the advertising campaigns that it participates in.

24. The telephone number Defendants called was assigned to a cellular telephone service for which Plaintiff incurred a charge for incoming calls and texts.

## CLASS ALLEGATIONS

25. Plaintiff brings this action on her own behalf and on behalf of all other persons similarly situated, pursuant to Federal Rule of Civil Procedure rule 23.

26. Representative Plaintiff brings this class action on behalf of herself and as a representative of the following class of persons entitled to remedies under law including, but not limited to, damages:

> All persons in the United States of America who were sent, to their cellular or pager numbers, unsolicited and un-consented to SMS or MMS messages from The Body Shop or Raze Media, LLC which were solicitations without the recipients' prior express consent within the four years prior to the filing of this Complaint.

Excluded from the Class are all managers and directors of Defendants and members of their immediate families, the Court, and legal counsel for either side, and all members of their immediate families.

27. This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation:

a. ***Numerosity***: The Class is so numerous that joinder of all members is impractical. There are likely thousands of members of the Class.

b. ***Ascertainability***: The identities of the Class members are ascertainable from Defendants' records.

c. **Common Questions Predominate**: There are questions of law and fact common to the Class, which questions predominate over any questions affecting only individual members. The principal issues include, *inter alia*:

   i. Whether Defendants negligently caused violations of the Telephone Consumer Protection Act, 47 U.S.C. section 227, when sending unsolicited and un-consented to SMS or MMS messages to Plaintiff and the Class;

   ii. Whether Defendants willfully caused violations of the Telephone Consumer Protection Act, 47 U.S.C. section 227, when sending unsolicited and un-consented to SMS or MMS messages to Plaintiff and the Class;

   iii. Whether Defendants used an automatic telephone dialing system to send unsolicited and un-consented to SMS or MMS messages to Plaintiff and the Class;

   iv. Whether Plaintiff and the Class are entitled to damages for Defendants' actions; and

   v. Whether Defendants should be enjoined from engaging in such conduct in the future.

d. ***Typicality***: Based on the conduct described above, Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class have similar claims and remedies arising out of Defendants' common course of conduct complained of herein.

e. ***Adequacy***: Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff is committed to vigorously litigating this matter, and has retained counsel experienced in handling class claims. Neither Plaintiff nor Plaintiff's counsel has any irreconcilable conflicting interests that might cause them not to vigorously pursue this claim.

f. ***Superiority***: A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal law. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims. A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, since individual member's claims for damages are relatively modest, the expense and burdens of litigating individual actions would make it difficult or impossible for individual members of the Class to redress the wrongs done to them. An important public interest will be served by addressing the matter as a class action; substantial economies to the litigants and to the judicial system will be realized; and the potential for inconsistent or contradictory adjudications will be avoided.

## FIRST CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227**

28.     Plaintiff reasserts and re-alleges the allegations set forth in the above paragraphs as if the same were alleged herein in this count.

29. At all times mentioned herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the Telephone Consumer Protection Act, 47 U.S.C. section 227.

30. Negligently, recklessly, willfully and/or intentionally, Defendants directly and/or vicariously engaged in acts, omissions, and/or other conduct as referenced herein that violates the Telephone Consumer Protection Act. Defendants directly and/or vicariously used automatic telephone dialing systems to initiate unsolicited and un-consented to telephone calls to Plaintiff's cellular telephone and/or pager numbers.

31. Plaintiff is entitled to recover $500 in damages from the Defendants for each violation of the Telephone Consumer Protection Act.

32. Additionally, Plaintiff is entitled to all damages referenced herein and, in accord with proof, attorney's fees, costs, treble damages, injunctive relief, and other remedies allowed by the Telephone Consumer Protection Act.

## **PRAYER FOR RELIEF**

WHEREFORE, on behalf of herself and all others similarly situated, Plaintiff demands judgment against Defendants and prays that this Court do the following:

A. Order Defendants to make Plaintiff and the Class whole with an award of damages in accordance with the allegations of this complaint and proof to be presented at trial.

B. Order Defendants to make Plaintiff and the Class whole by providing appropriate prejudgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful practices.

C. Order Defendants to pay Plaintiff and the Class punitive and/or treble damages to the fullest extent allowed by law.

D. Order injunctive relief prohibiting such conduct in the future.

E.  Award Plaintiff and the other class members the costs of this action, including attorney's fees.

F.  In accordance with proof at trial, grant any additional or further relief as provided by law or equity that the Court finds appropriate, equitable, and just.

Dated: February 11, 2014

HORNBERGER LAW CORPORATION

By: _____
NICHOLAS W. HORNBERGER
NATHAN VERBISCAR-BROWN
Attorneys for Plaintiff AIMEE LAMBERT

## DEMAND FOR JURY TRIAL

Plaintiff AIMEE LAMBERT hereby demands a jury trial.

Dated: February 11, 2014

HORNBERGER LAW CORPORATION

By: _____
NICHOLAS W. HORNBERGER
NATHAN VERBISCAR-BROWN
Attorneys for Plaintiff AIMEE LAMBERT

**CLASS ACTION COMPLAINT**