UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIMEE LAMBERT, an individual, on behalf of herself and all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>BUTH-NA-BODHAIGE, INC., a Delaware corporation; RAZE MEDIA, LLC, a Texas limited liability company; and DOES 1-50, inclusive,<br><br>  Defendants. | No. 2:14-cv-00514-MCE-KJN<br><br>**MEMORANDUM AND ORDER** |

Presently before the Court is Defendant Buth-Na-Bodhaige, Inc.'s Motion to Dismiss or Stay this putative class action brought by Aimee Lambert ("Plaintiff") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq. ECF No. 10. Defendant Raze Media, LLC joined in the Motion. ECF No. 13. For the following reasons, the Motion is GRANTED and this case is STAYED pending further order of the Court.[1]

///

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

1

**BACKGROUND**

Plaintiff's Complaint alleges that Defendants Buth-Na-Bodhaige, Inc. and Raze Media, LLC (collectively, "Defendants") sent her two text messages without her consent on October 18, 2013, in violation of the TCPA. Compl., ECF No. 1. In order to prevail on her TCPA claim, Plaintiff must prove: (1) Defendants called her cellular telephone number;[2] (2) using an automatic telephone dialing system ("ATDS"); (3) without her prior express consent. 47 U.S.C. § 227(b)(1); Meyer v. Portfolio Recovery Assocs., LLC, 707 F.3d 1036, 1043 (9th Cir. 2012).

Defendants move to dismiss Plaintiff's Complaint without prejudice, or in the alternative to stay the instant litigation, under the primary jurisdiction doctrine. Defendants do not dispute that they sent text messages to Plaintiff, but assert that petitions currently pending before the Federal Communications Commission ("FCC") are relevant to whether the text messages were sent using an ATDS and whether Plaintiff gave prior express consent to receive text messages from Defendants.[3]

**STANDARD**

"The primary jurisdiction doctrine permits courts to stay proceedings or to dismiss a complaint without prejudice pending the resolution of an issue within the special competence of an administrative agency." Clark v. Time Warner Cable, 523 F.3d 1110, 1114 (9th Cir. 2008). "[T]he doctrine is a 'prudential' one, under which a court determines that an otherwise cognizable claim implicates technical and policy questions that should be addressed in the first instance by the agency with regulatory authority

---

[2] For purposes of the TCPA, a text message is a "call." See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order, 18 F.C.C.R.14014, 14115 ¶ 165 (F.C.C. July 3, 2003).

[3] Defendant Buth-Na-Bodaige, Inc.'s Request for Judicial Notice, ECF No. 12, of the pending petitions and public notices issued by the FCC, to which Plaintiff has not objected, is granted.

over the relevant industry rather than by the judicial branch." Id.  Invocation of the doctrine "is committed to the sound discretion of the court when 'protection of a regulatory scheme dictates preliminary resort to the agency which administers the scheme.'"  Syntek Semiconductor Co. v. Microchip Tech. Inc., 307 F.3d 775, 781 (9th Cir. 2002) (citing United States v. General Dynamics Corp., 828 F.2d 1356, 1362 (9th Cir.1987)).  "Although '[n]o fixed formula exists for applying the doctrine of primary jurisdiction,'" Clark, 523 F.3d at 1115, the Ninth Circuit has held that the doctrine applies in cases where there is "(1) the need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory scheme that (4) requires expertise or uniformity in administration."  Davel Commc'ns, Inc. v Qwest Corp., 460 F.3d 1075, 1086-87 (9th Cir. 2006) (internal quotations and citations omitted).  In considering the four factors, the Court is mindful "that the primary jurisdiction doctrine is designed to protect agencies possessing quasi-legislative powers and that are actively involved in the administration of regulatory statutes."  Clark, 523 F.3d at 1115.

## ANALYSIS

Plaintiff does not argue, and thus appears to concede, that factors two through four are satisfied here.  Indeed, Congress has vested in the FCC considerable authority to make rules and regulations to implement the TCPA.  See Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 953 (9th Cir. 2009); see also Charvat v. EchoStar Satellite, LLC, 630 F.3d 459, 466-67 (6th Cir. 2010).  Moreover, the FCC "is familiar with the regulations it prescribed and possesses expertise over the statute it implements."  Charvat, 630 F.3d at 467 (emphasis in original) (internal citations omitted).  Rather, Plaintiff argues that the issues before the FCC in the pending petitions are irrelevant to her TCPA claim, and thus there is no basis for a stay or dismissal.  The Court disagrees.

Under the TCPA, text messages sent using an ATDS are prohibited unless the recipient has given prior express consent. 47 U.S.C. § 227(b)(1). The statute itself is silent on what form of express consent—oral, written, or some other kind—is required. See id. However, as of October 16, 2013, express written consent is required. See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order, 27 F.C.C.R. 1830, 1837 ¶ 18, 1839 ¶ 20, 1858 ¶ 71 (F.C.C. Feb. 15, 2012). Further, the express written consent must be signed and be sufficient to show that the consumer received clear and conspicuous disclosure of the consequences of providing consent and unambiguously agreed to receive future calls or text messages. See id. at 1844 ¶ 33.

Plaintiff alleges that she never consented to receiving text messages from Defendants. Compl., ECF No. 1 ¶ 20. Conversely, Defendants provide a declaration asserting that Plaintiff gave prior express consent in September 2013 by providing her phone number to Defendants and granting permission to be contacted by phone. Motion, ECF No. 10 at 4; Decl. of Molly M. Dufner, ECF No. 10-1 ¶ 5. Plaintiff contends that because she received the text messages from Defendants on October 18, 2013, two days after the new FCC regulations took effect, any "consent" she may have provided in September 2013 is meaningless. Opp'n, ECF No. 14 at 12-13.

However, as demonstrated by the Coalition of Mobile Engagement Providers' ("CMEP") petition now pending before the FCC,[4] (ECF No. 12-2, Exh. 5), "express consent" provided by a customer prior to October 16, 2013, could obviate the need to again obtain consent under the new regulations. Indeed, the FCC understands CMEP's petition as seeking clarification that the new rules (1) do not "nullify those written express consents already provided by customers" before October 16, 2013, and (2) "are applicable only to new customers and therefore mobile marketers need not take additional steps to obtain the revised forms of written consent from existing customers

---

[4] The FCC issued a Public Notice in connection with the CMEP petition on November 1, 2013. The public comment period has since expired.

who have already provided express written consent under the previous rules that does not meet the standards of the revised rules." ECF No. 12-2, Exh. 6. If the FCC clarifies that a customer's pre-October 16, 2013, express consent covers post-October 16, 2013, communications, Plaintiff's claim could be materially affected. Accordingly, a stay is warranted.[5] Moreover, because there is no indication that Plaintiff has received any text messages from Defendants since October 18, 2013, she is not suffering continuing harm and thus will not be prejudiced by a stay.

In short, the Court finds that a stay is warranted because: (1) at least one petition that may affect Plaintiff's claim in this case is already before the FCC and the comment period has expired; (2) judicial economy weighs against issuing any decisions that may be undermined by anticipated rulings by the FCC; (3) the violations alleged by Plaintiff are not ongoing—indeed, the only alleged violations occurred over ten months ago—so Plaintiff will not suffer further damages during the pendency of a stay; and (4) this case is in the earliest stage of litigation, such that Plaintiff will not be prejudiced by any delay and all parties will be spared the costs of discovery that could be rendered moot by FCC rulings. Defendants' Motion is GRANTED.

## CONCLUSION

For the reasons stated above, Defendant Buth-Na-Bodhaige, Inc.'s Motion to Dismiss or Stay, (ECF No. 10), in which Defendant Raze Media, LLC joined, is GRANTED and this case is STAYED pending further order of the Court. The parties are directed to file a Joint Status Report advising the Court of the status of the FCC petitions identified in ECF No. 12 every sixty (60) days; the first such report must be filed not later than sixty (60) days after this Order is electronically filed. Failure to do so may result in

///

---

[5] Because the Court finds that a stay is appropriate based on the prior consent issue, consideration of the pending FCC petitions regarding the scope of what constitutes an "automatic telephone dialing system," 47 U.S.C. § 227(a)(1), is unnecessary.

1  monetary sanctions and/or dismissal of this action for noncompliance with this Court's
2  Order and/or the failure to prosecute.
3          IT IS SO ORDERED.
4  Dated:  August 20, 2014

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT