1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   AIMEE LAMBERT,                          No.  2:14-cv-00514-MCE-KJN

12              Plaintiff,

13        v.                                 **ORDER**

14   BUTH-NA-BODHAIGE, INC. and RAZE
     MEDIA, LLC,
15
16              Defendants.

17

18        Through this action, Plaintiff Aimee Lambert ("Plaintiff") alleges that Defendants

19   Buth-Na-Bodhaige, Inc. and Raze Media, LLC (collectively, "Defendants") violated the

20   Telephone Consumer Protection Act ("TCPA") by sending Plaintiff two text messages

21   without her consent on October 18, 2013.  An estimated 225,252 additional individuals

22   also received messages from Defendants in violation of the TCPA between February 20,

23   2010 and February 20, 2014.  Plaintiff brings this action on behalf of herself and all other

24   similarly situated individuals.

25        Pending before the Court is Plaintiff's unopposed Motion for Preliminary Approval

26   of Class Action Settlement (ECF No. 24).  Specifically, Plaintiff's Motion requests:  (1)

27   preliminary approval of the parties' settlement agreement—which is attached to the

28   ///

                                          1

1   pending Motion[1]—as fair, reasonable, and adequate; (2) preliminary approval of the

2   form, manner, and content of the Notice to the Class and the Claim Form[2]; (3) that the

3   Court set a date and time for the Final Fairness Hearing; (4) provisional certification of

4   the proposed class under Federal Rule of Civil Procedure 23; (5) that the Court appoint

5   Plaintiff as the class representative; and (6) that the Court appoint Hornberger Law

6   Corporation as settlement class counsel.  ECF No. 24 at 2.

7        For the reasons that follow, Plaintiff's Motion is GRANTED.[3]

8

9   **FINDINGS**

10

11       1.    Unless otherwise specified, defined terms in this Order have the same

12   definition as the terms in the Settlement Agreement.  Pl.'s Mot., ECF No. 24-3, Ex. A.

13       2.    The Settlement Agreement falls within the range of reasonableness

14   meriting possible final approval.

15       3.    The Class Notices comply with due process because the notices are

16   reasonably calculated to adequately apprise class members of (i) the pending lawsuit, (ii)

17   the terms of the proposed Settlement Agreement, and (iii) their rights, including the right

18   to either participate in the Settlement Agreement, exclude themselves from the

19   Settlement Agreement or object to the Settlement Agreement.

20       4.    The Settlement Class is so numerous that joinder of all individual members

21   is impracticable.

22       5.    Plaintiff's claims are typical of those of the Settlement Class.

23   ///

24   ///

25

26      [1]  See Pl.'s Mot., ECF No. 24-3, Ex. A.

27      [2]  These documents are also attached to Plaintiff's Motion.  See Pl.'s Mot., ECF No. 24-3, Ex. B.

28      [3]  Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs.  See E.D. Cal. Local R. 230(g).

6.      There are questions of law and fact common to the Settlement Class, which predominate over any questions affecting only individual members of the Settlement Class.

7.      Certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1.      The Settlement Agreement, including the Class Notices (attached to the Settlement Agreement as Exhibits A and B) are preliminarily approved.

2.      Defendant Buth-Na-Bodhaige, Inc., dba The Body Shop ("TBS") by and through the claims administrator will notify members of the Settlement Class of the Settlement Agreement in the manner specified under Paragraph 4 of the Settlement Agreement ("Notice").

3.      Heffler Claims Group, LLC is appointed as the Settlement Administrator.

4.      Settlement Class Members who have not submitted a timely written exclusion request pursuant to Paragraph 4.5 of the Settlement Agreement below and who want to object to the Settlement Agreement must deliver written objections to Class Counsel and Defendant's Counsel, and must file such objection with the Court, no later than forty-five (45) days after Notice is provided under Paragraph 4 of the Settlement Agreement.  The delivery date is deemed to be the date the objection is deposited in the U.S. Mail as evidenced by the postmark.

5.      Settlement Class Members who fail to object to the Settlement Agreement in the manner specified above will:  (1) be deemed to have waived their right to object to the Settlement Agreement; (2) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Settlement Agreement; and (3) not be entitled to speak at the Final Approval Hearing.

6.      Settlement Class Members who want to be excluded from the Settlement must mail to the Claims Administrator a written request for exclusion to the Settlement Administrator postmarked no later than forty-five (45) days after Notice is provided under Paragraph 4 of the Settlement Agreement.  The written request for exclusion must be personally signed by the Settlement Class Member seeking to be excluded from the Settlement Class, and include his or her name and address, the cellular telephone number on which he or she allegedly received a text message, the caption for the Action (i.e., Lambert v. Buth-Na-Bodhaige, Inc., et al., Case No. 2:14-cv-00514-MCE-KJN (E.D. Cal.)), and a statement that he or she wishes to be excluded.  A Settlement Class Member that submits a valid and timely Request for Exclusion will not participate in or be bound by the Settlement Agreement.  A Settlement Class Member who does not submit a timely and valid written Request for Exclusion from the Settlement Agreement in the manner and by the deadline specified above will be bound by all terms and conditions of the Settlement Agreement, if the Settlement Agreement is approved by the Court.

7.      The following settlement class is provisionally certified: "All individuals in the United States who received a text message sent by or on behalf of The Body Shop between February 20, 2010 and February 20, 2014, as reflected by the combined records of The Body Shop and Raze Media, Inc."

8.      Plaintiff Aimee Lambert is conditionally certified as the class representative to implement the Parties' Settlement Agreement in accordance with the Settlement Agreement.  The law firm of Hornberger Law is appointed as Class Counsel.  Plaintiff and Class Counsel must fairly and adequately protect the Class's interests.

9.      If the Settlement Agreement terminates for any reason, the following will occur:  (a) class certification will be automatically vacated; (b) Plaintiff will stop functioning as Class representatives; and (c) this Action will revert to its previous status in all respects as it existed immediately before the Parties executed the Settlement Agreement.  This Order will not waive or otherwise impact the Parties' rights or arguments.

4

10.     Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party.

11.     All discovery and pretrial proceedings and deadlines are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

12.     On November 12, 2015 at 2:00 p.m., this Court will hold a Final Approval Hearing to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate.  All papers supporting Plaintiff's request for attorneys' fees and costs must be filed no later than fourteen (14) calendar days before the deadline for Settlement Class Members to object to the Settlement.  All other papers supporting Final Approval of the Settlement Agreement must be filed no later than twenty (20) calendar days before the Final Approval Hearing.  This Court may order the Final Approval Hearing to be postponed, adjourned, or continued.  If that occurs, TBS will not be required to provide additional notice to class members.

IT IS SO ORDERED.

Dated:  July 29, 2015

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT