1

**NICHOLAS W. HORNBERGER, BAR NO. 53776**
**NATHAN VERBISCAR-BROWN, BAR No. 286377**
**HORNBERGER LAW CORPORATION**
633 W. Fifth Street, 28th Floor
Los Angeles, California 90071
Tel (213) 488-1655
Fax (213) 488-1255

Attorneys for Plaintiff
AIMEE LAMBERT and the CLASS

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10

11

12

13

14

15

16

17

| | |
|---|---|
| AIMEE LAMBERT, an individual, on behalf of herself and all others similarly situated; <br><br> Plaintiff, <br><br> vs. <br><br> BUTH-NA-BODHAIGE, INC., a Delaware corporation; RAZE MEDIA, INC., a Texas corporation; and DOES 1 -50, inclusive <br><br> Defendants. | Case No. 2:14-cv-00514-MCE-KJN <br><br> **CLASS ACTION** <br><br> **DECLARATION OF NICHOLAS W. HORNBERGER IN SUPPORT OF** *UNOPPOSED* **MOTION FOR ATTORNEYS' FEES, COSTS AND INCENTIVE AWARDS** <br><br> Date:  November 12, 2015 <br> Time:  2:00 p.m. <br> Courtroom:  7 <br> Judge:  The Hon. Morrison C. England |

18

19

20

21

22

23

24

25

26

27

28

- 1 -

I, Nicholas W. Hornberger, declare:

1.    I am an attorney at law duly licensed before all the Courts of the State of California. I am managing partner in the law firm Hornberger Law Corporation ("Class Counsel").  I make the following declaration in support of Plaintiff's *Unopposed* Motion for Award of Attorneys' Fees, Costs, and Incentive Awards in the above-entitled matter.  The following is based on my personal knowledge, and if called and sworn as a witness, I could and would competently testify thereto.

2.    Plaintiff filed this Action on February 20, 2014 and alleged that TBS sent Plaintiff and the Class unsolicited telemarketing text messages to their respective mobile phones from an ATDS, and more importantly, without the required express written consent. Thereafter, TBS moved this Court to stay or dismiss this Action based upon various pending petitions for review before the FCC.  This Court granted TBS's motion to stay the Action on August 20, 2014.  As a result of this Court's Order, and with both Parties fully aware as to the fact that any ruling by the FCC could materially impact their respective positions in this case, the Parties opted to explore resolution of this Action during the stay, and attended mediation with the Hon. Fred K. Morrison (Ret.) of JAMS on March 24, 2015.

3.    Prior to mediation, the Parties exchanged significant information concerning the size of the alleged class as well as information relating to Raze Media, the agent retained by TBS to send the messages on behalf of TBS. At the mediation, the Parties reached an agreement to resolve this Action.  Following mediation, the parties turned to finalizing the Settlement Agreement, claim forms, notice documents, and preliminary approval papers. Class Counsel worked in close consultation with the Settlement Administrator throughout this process.

4.    Plaintiff submitted her *Unopposed* Motion for Preliminary Approval on June 11, 2015.  On or about July 1, 2015, this Court entered an Order requesting that the parties submit supplemental briefing regarding the impact, if any, that the United States Supreme Court's grant of *certiorari* in *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871 (9th Cir. 2014) on the Settlement.  On or about July 14, 2015, both Plaintiff and TBS filed supplemental briefing in which both Plaintiff and TBS, respectively, asserted that *Gomez* would not have any effect on the present case nor the

**DECLARATION OF NICHOLAS W. HORNBERGER IN SUPPORT OF *UNOPPOSED* MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS AND INCENTIVE AWARDS**

1  Settlement and requesting the Court enter an order granting final approval.  On or about July 29,

2  2015, the Court entered an order granting preliminary approval, ordering notice be sent to the

3  Settlement Class, setting an "opt out/exclusion" deadline, setting a deadline for Class Counsel to

4  submit a motion for attorneys' fees, costs, and incentive awards, and setting a hearing date for final

5  approval.

6          5.      Pursuant to the Settlement Agreement, Class Counsel seeks a total award of

7  $1,600,000.00 in attorneys' fees and litigation expenses. Specifically, Class Counsel seeks an

8  award of $1,593,605.70 in attorneys' fees and $6,394.30 in out-of-pocket costs. This represents

9  slightly less than 22% of the total of the $7,335,00.00 Settlement Fund. TBS does not oppose Class

10  Counsel's application, and the Court has preliminarily approved the award.

11          6.      Throughout this case Class Counsel obtained substantial discovery from TBS,

12  including relevant information and documents such as internal documents which TBS would rely

13  upon for any "prior express consent" or "prior express written consent" defense to the claims of

14  Plaintiff and the Class.  Class Counsel then spent numerous hours analyzing the documents and

15  placing them in the context of the litigation.  In addition, prior to the lawsuit being filed, Class

16  Counsel performed a thorough investigation of the claims of the Plaintiff and the Class which

17  included conducting significant factual and legal research. Class Counsel also performed

18  substantial legal research into the TCPA and various district court and Circuit Court opinions

19  interpreting the TCPA as well as relevant rule-making decisions by the Federal Communications

20  Commission ("FCC"). Indeed, as a result of this Court's Order Granting TBS's Motion to Stay, the

21  parties were ordered to provide this Court with updates every sixty (60) days regarding any FCC

22  ruling that could impact the litigation of this action.  During this period – approximately August 20,

23  2014 through April 1, 2015 – the FCC was issuing as many as sixty (60) responses to pending

24  petitions each week.  Thus, as a result, Class Counsel spent upwards of ten (10) hours each week

25  reviewing the responses issued by the FCC so as to identify any response that might impact this

26  litigation.  Furthermore, after reaching the Settlement, Class Counsel obtained pages of confidential

27  and proprietary information from TBS and provided a number of questions to TBS which were

28  

- 3 -

**DECLARATION OF NICHOLAS W. HORNBERGER IN SUPPORT OF *UNOPPOSED* MOTION FOR
AWARD OF ATTORNEYS' FEES, COSTS AND INCENTIVE AWARDS**

1  resolved by counsel during a number of post-settlement conference calls. Class Counsel also

2  requested and obtained confirmatory discovery necessary to reasonably confirm the terms of the

3  settlement and administrative plans and procedures for compliance with the terms of the

4  Settlement. Class Counsel also spent numerous hours researching and analyzing issues related to

5  notice to the Settlement Class and had numerous conference calls with TBS the Claims

6  Administrator in order to confirm the agreed upon notice plan.

7         7.      Class Counsel's experience and review of other similarly settled TCPA class cases

8  reveal Class Counsel has obtained an excellent settlement.  Class Counsel obtained a total payment

9  by TBS of up to $7,335,000.00 out of which Settlement Class members will receive their benefit.

10  What is significant about this settlement, unlike most all other TCPA class settlements, is that all

11  Class Members will receive their benefit without the need to make an official claim. Indeed, each

12  Settlement Class Member will receive the benefit by virtue of being a member of the Settlement

13  Class.  Specifically, each Settlement Class member will be directly issued (again, without the need

14  to submit a claim) a twenty-five ($25.00) Gift Card for use at any TBS retail location in the United

15  States. The Gift Card is redeemable for any merchandise offered for sale at any TBS U.S. retail

16  location or online at www.thebodyshop-usa.com, and the Gift Card is freely transferrable.

17         8.      Class Counsel devoted substantial resources to the prosecution of this case with no

18  guarantee they would be compensated for their time or reimbursed for their expenses.  To the

19  contrary, payment of Class Counsel's fees and expenses has always been contingent on a successful

20  recovery of compensation.  Thus, there was a substantial risk of nonpayment.  TBS has also denied

21  liability for the claims Plaintiff has asserted.  Even if Plaintiff and the Class were to ultimately

22  prevail at trial, a result that is not guaranteed, they likely face a long and costly appeals process.

23         9.      Attached hereto as Exhibit 'A' is a summary breakdown of the fee award in the

24  action entitled *Adams v. AllianceOne Receivables Management, Inc.*, Case No. 3:08-cv-00248

25  (S.D. Cal.) which was a class action alleging violations of the TCPA. I reviewed the docket of this

26  case on PACER and after review of the docket and the documents posted thereon, I was able to

27  determine the information contained on this summary sheet.

28

**DECLARATION OF NICHOLAS W. HORNBERGER IN SUPPORT OF *UNOPPOSED* MOTION FOR
AWARD OF ATTORNEYS' FEES, COSTS AND INCENTIVE AWARDS**

10.     Attached hereto as Exhibit 'B' is a summary breakdown of the fee award in the action entitled *Kramer v. Autobytel, Inc.*, Case No. 4:10-cv-02722 (N.D. Cal.) which was a class action alleging violations of the TCPA. I reviewed the docket of this case on PACER and after review of the docket and the documents posted thereon, I was able to determine the information contained on this summary sheet.

11.     Attached hereto as Exhibit 'C' is a summary breakdown of the fee award in the action entitled *Malta v. Freddie Mac & Wells Fargo Home Mortgage*, Case No. 3:10-cv-01290 (S.D. Cal.) which was a class action alleging violations of the TCPA. I reviewed the docket of this case on PACER and after review of the docket and the documents posted thereon, I was able to determine the information contained on this summary sheet.

12.     Attached hereto as Exhibit 'D' is a summary breakdown of the fee award in the action entitled *Palmer v. Sprint Solutions, Inc.*, Case No. 2:09-cv-01211 (W.D. Wash.) which was a class action alleging violations of the TCPA. I reviewed the docket of this case on PACER and after review of the docket and the documents posted thereon, I was able to determine the information contained on this summary sheet.

13.     Attached hereto as Exhibit 'E' is a summary breakdown of the fee award in the action entitled *Robles v. Lucky Brand Dungarees, et al.*, Case No. 3:10-cv-04846 (N.D. Cal.) which was a class action alleging violations of the TCPA. I reviewed the docket of this case on PACER and after review of the docket and the documents posted thereon, I was able to determine the information contained on this summary sheet.

14.     Attached hereto as Exhibit 'F' is a summary breakdown of the fee award in the action entitled *Steinfeld, et al. v. Discover Financial Services, et al.*, Case No. 3:12-cv-01118 (N.D. Cal.) which was a class action alleging violations of the TCPA. I reviewed the docket of this case on PACER and after review of the docket and the documents posted thereon, I was able to determine the information contained on this summary sheet.

15.     Class Counsel has expended a substantial amount of time and effort in prosecuting this action and achieving substantial benefits for the Class.  The requested fee is reasonable and

**DECLARATION OF NICHOLAS W. HORNBERGER IN SUPPORT OF *UNOPPOSED* MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS AND INCENTIVE AWARDS**

appropriate based on the risks of the litigation, its complexity, Class Counsels' refusal of

alternative employment opportunities with guaranteed payment, and the substantial benefit

obtained for the Class.

16.     Class Counsel has spent 998.3 hours in prosecuting this case to date.  I have spent

267 hours at a rate of $800 in prosecuting this case on behalf of the Class through the date of this

declaration.  My associate Nathan Verbiscar-Brown has spent 731.3 hours at a rate of $450 in

prosecuting this case on behalf of the Class through the date of this declaration.  My firm's current

fee lodestar is $542,640.00.  I expect to spend another fifty (50) hours to conclude this action,

including responding to Class member inquiries, preparing the Motion for Final Approval and

attending the Final Fairness Hearing. A general summary of my billing time ("NWH Hours") and

the time of Nathan Verbiscar-Brown ("NVB Hours") are as follows:

| No. | General Description | NWH Hours | NWH Rate | NVB Hours | NVB Rate | Total Lodestar |
|---|---|---|---|---|---|---|
| 1. | *General Case Management:*<br><br>Client Interview; Research Legal Issues, Draft and Review Complaint and Stipulations, Correspondence, Pleadings; Research regarding various issues in the case, such as loyalty programs and provision of information in relation thereto and relation to TCPA; Meet and Confer with Opposing Counsel over various matters throughout litigation; Conference calls with opposing counsel regarding various matters throughout litigation; client calls regarding various matters throughout litigation; respond to class member inquiries; send and respond to emails | 106.2 | $800 | 191.2 | $450 | $171,000.00 |
| 2. | *Legal Research:*<br><br>Legal Research regarding the TCPA, including issues | 78.6 | $800 | 402.1 | $450 | $243,780.00 |

**DECLARATION OF NICHOLAS W. HORNBERGER IN SUPPORT OF *UNOPPOSED* MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS AND INCENTIVE AWARDS**

| | | | | | | |
|---|---|---|---|---|---|---|
| | of prior express consent and prior express written consent; review of FCC Orders and case law from United States District Courts regarding consent, the definition of an ATDS, damages and other matters; bi-weekly review of FCC orders on pending petitions before it and drafting summaries on these responses from the FCC to report any ruling impacting this case to the Court; Research relating to Motion to Dismiss or Stay; Research regarding developments in law relating to Class Actions and the TCPA; Research regarding notice and preliminary approval of settlement; research regarding fee motion, research regarding final approval | | | | | |
| 3. | **_Discovery:_** <br><br> Draft informal discovery requests; Review and analyze document production | 24.6 | $800 | 39.8 | $450 | $37,590.00 |
| 4. | **_Mediation:_** <br><br> Conference Calls with Opposing Counsel regarding mediation; research and draft mediation brief; travel to and attend mediation | 21.8 | $800 | 27.6 | $450 | $29,860.00 |
| 5. | **_Settlement Agreement:_** <br><br> Draft Settlement Agreement; Settlement discussions and negotiations; Draft and Revise Settlement Agreement; Draft Notices Claim Form and Proposed Orders; conference calls | 13.9 | $800 | 24.9 | $450 | $22,325.00 |

- 7 -

**DECLARATION OF NICHOLAS W. HORNBERGER IN SUPPORT OF _UNOPPOSED_ MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS AND INCENTIVE AWARDS**

| | | | | | | |
|---|---|---|---|---|---|---|
| | | with Claims Administrator | | | | |
| 6. | **Motion for Preliminary Approval:**<br><br>Draft Motion for Preliminary Approval; Prepare for Preliminary Approval Hearing; Research and Draft Supplemental Brief for Preliminary Approval | 12.7 | $800 | 25.2 | $450 | $21,500.00 |
| 7. | **Motion for Attorneys' Fees, Costs, and Incentive Awards:**<br><br>Draft Motion for Attorneys' Fees, Costs, and Incentive Awards | 9.2 | $800 | 20.5 | $450 | $16,585.00 |
| | TOTAL | 267 | $800 | 731.3 | $450 | $542,640.00 |

17.     My firm sets its rates for attorneys based on a variety of factors, including, among others: (i) their respective experience, skill and sophistication required for the types of legal services typically performed; (ii) the rates customarily charged in the markets where legal services are typically performed; and (iii) the experience, reputation and ability of the attorney. These rates are reasonable for the work performed in the communities by attorneys of similar skill, experience, and reputation and are in line with comparable hourly rates charged by other law firms that handle class action litigation in California.  Attached as Exhibit 'G' is a true and correct copy of excerpts from a December 2012 Westlaw Legal Billing Report for attorneys in California.

18.     The fee requested by Class Counsel reflects a multiplier of 2.95 on their total lodestar. Such a multiplier is reasonable given the outstanding result Class Counsel have achieved for the Settlement Class, the risks involved in taking the legal claims to trial, and the complexity of the case.  The multiplier will be reduced given that Class Counsel expects to expend an additional fifty (50) hours seeing this case through its final resolution. Furthermore, Class Counsel's requested multiplier falls well-within the range of multipliers approved in a common fund case.

**DECLARATION OF NICHOLAS W. HORNBERGER IN SUPPORT OF *UNOPPOSED* MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS AND INCENTIVE AWARDS**

19.     Class Counsel agreed to prosecute this case on contingency with no guarantee of ever being paid, they faced substantial risk should they proceed to trial.  From the outset, prosecution of this action on behalf of the Class has involved significant risk.  In agreeing to represent Plaintiff and the Class on a contingent basis, Class Counsel risked their own resources with no guarantee of recovery.  The risk that Class Counsel could recover nothing in this case, on its own, justifies a multiplier.

20.     I have expertise in both the defense and prosecution of complex business litigation, credit card processing litigation, franchise litigation, intellectual property, mass tort, eminent domain, insurance bad faith, product liability, catastrophic personal injury, and environmental/toxic tort litigation, to name a few.  I have a broad-based litigation practice in federal and state court. I was admitted to the California State Bar in 1972, after graduating from University of San Francisco (J.D., 1972).  I am admitted to the Northern, Eastern, Central, and Southern District Courts of California, the United States Court of Appeal, Ninth Circuit, and the United States Court of Appeal, Federal Circuit.  I have also argued in the Federal District Courts of Maryland and Arizona, as well as the Arizona Court of Appeals and the California Appellate Court.  For my entire career, my practice has consisted entirely of civil litigation in federal and state courts, at both the trial and appellate levels.  My areas of focus have included complex commercial litigation, mass tort litigation, catastrophic personal injury cases, and insurance litigation.

21.     Prior to entering the legal profession I worked as a chemist and chemical engineer, having obtained my training at the University of California, Berkley (B.S., 1968).  This technical background has aided considerably in my legal practice by providing the foundational knowledge necessary to understand complex scientific and technological evidence.

22.     I have tried over 150 jury trials and 75 court trials to verdict, including three verdicts in excess of $10 million and eight verdicts in excess of $1 million, as well as ten settlements in excess of $1 million.  These include: *GBM Logistic Services, Inc. v Y USA, Inc., et al.* Los Angeles Superior Court Case No. BC313599 [$42 million verdict in "Bust Out" scheme]; *Sole Energy Company v. Petrominerals Corporation* Orange County Superior Court Case No. 00CC06333 [$21

**DECLARATION OF NICHOLAS W. HORNBERGER IN SUPPORT OF *UNOPPOSED* MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS AND INCENTIVE AWARDS**

1 | million verdict in fraud case against sellers of oil and gas leases in Beverly Hills]; GBM (again)

2 | [$17 million verdict in breach of contract action involving sale of electronics]; and *Indra S. Jhaveri*

3 | *v. Steve Teitelbaum* Los Angeles Superior Court Case No. BC242306 [$5.3 million verdict in fraud

4 | case].

5 |       23.    I have also defended a variety of high profile cases.  These include defense of Otis

6 | Elevators following the MGM Grand Hotel fire in 1980; defense of Lockheed Corp. (now

7 | Lockheed Martin Corp.) in three separate six month toxic tort trials in the late 1980s; and defense

8 | of several private individuals in a suit by the Republic of China (Taiwan) in 2012 [Los Angeles

9 | Superior Court Case No. BC474048].

10 |       24.    I am a member of the following organizations: American Board of Trial Advocates;

11 | Association of Business Trial Lawyers; Products Liability Advisory Council; Federation of

12 | Insurance and Corporate Counsel; The Defense Research Institute; The Association of Southern

13 | California Defense Counsel; Los Angeles County Bar Association; Orange County Bar

14 | Association, and the American Bar Association.

15 |       25.    To date, my firm has spent $6,394.30 in un-reimbursed expenses incurred in

16 | connection with this case. A breakdown of my firm's additional costs incurred in this action is set

17 | forth below:

|  |  |  |
|---|---|---|
| • Filing Fees | $ | 600.00 |
| • Travel Expenses | $ | 2,308.46 |
| • Mediation Fees | $ | 2,925.00 |
| • Service Fees | $ | 560.84 |
| **TOTAL** | **$** | **6,394.30** |

22 |       26.    In addition, Class Counsel ask the Court to award incentive payments to Plaintiff in

23 | the amount of $5,000.  TBS has agreed to pay this award if approved by the Court.

24 | / / /

25 | / / /

26 | / / /

27 | / / /

28 |

- 10 -

**DECLARATION OF NICHOLAS W. HORNBERGER IN SUPPORT OF *UNOPPOSED* MOTION FOR
AWARD OF ATTORNEYS' FEES, COSTS AND INCENTIVE AWARDS**

1        I declare under penalty of perjury under the laws of the United States of America that the

2   foregoing is true and correct, and that this Declaration was executed September 28, 2015 in Los

3   Angeles, California.

4                                              /s/ Nicholas W. Hornberger

5                                             Nicholas W. Hornberger

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 11 -

**DECLARATION OF NICHOLAS W. HORNBERGER IN SUPPORT OF *UNOPPOSED* MOTION FOR
AWARD OF ATTORNEYS' FEES, COSTS AND INCENTIVE AWARDS**