UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

AIMEE LAMBERT, individually and on behalf
of all others similarly situated,

                Plaintiff,

v.

BUTH-NA-BODHAIGE,INC., a Delaware
corporation; RAZE MEDIA, INC., a Texas
corporation; and DOES 1-50, inclusive

                Defendants.

**Case No. 2:14-cv-00514-MCE-KJN**

**DECLARATION OF
TERESA Y. SUTOR OF HEFFLER
CLAIMS GROUP IN SUPPORT
OF MOTION FOR FINAL APPROVAL**

I, Teresa Y. Sutor, declare as follows:

1.      I am a Client Services Manager for Heffler Claims Group, LLC ("Heffler") in Philadelphia, Pennsylvania. I am over twenty-one years of age and am authorized to make this declaration on behalf of Heffler. The following statements are based on my personal knowledge and information provided to me by colleagues and staff working under my supervision.

2.      Heffler has provided class action settlement services in over 950 cases of varying sizes and complexity over the past 45 years. Heffler has extensive experience, which includes antitrust, securities fraud, employment and labor, consumer, and government enforcement matters.

3.      Pursuant to this Court's Order, Preliminarily Approving the Settlement, page 3, paragraph 3, dated July 29, 2015 ("Order"), Heffler was appointed as the Settlement Administrator to provide notification and other services in the *Aimee Lambert v. Buth-Na-Bodhaige, Inc.* settlement (the "Settlement"). Heffler's duties in this action include: (a) preparing and sending a CAFA notice as required under §1715 (b) receiving and analyzing the Class Member list provided to Heffler by Defendant (c) establishing a post office box for the receipt of mail from Settlement Class Members (d) creating a website; (e) establishing a toll free number; (f) running a "reverse phone lookup" to obtain mailing addresses for customers for whom defendant provided mobile telephone numbers; (g) preparing and

sending a Settlement Class Notice via email;  (h) preparing and sending Notices via First Class U.S. Mail to Settlement Class Members; (i) implementing a targeted publication notice program consisting of internet banner notifications on various social media outlets that were specifically targeted to reach Settlement Class Members; (j) receiving and processing undeliverable as addressed; (k) receiving and processing forward notices returned from the United States Postal Service, ("USPS"); (l) receiving and processing requests for exclusion; (m) and, for such other tasks as the Parties mutually agree or the Court orders Heffler to perform.

4.    On behalf of the Defendant, Heffler provided notice of the proposed settlement reflected in the Settlement Agreement pursuant to the Class Action Fairness Act 28 U.S.C. §1715(b) ('CAFA Notice"). At Defense Counsel's direction, Heffler mailed the required Notice and an accompanying CD containing the documents required under 28 U.S.C. on June 19, 2015, via certified mail to the 57 Attorneys General of the United States and territories, and the Attorney General of the United States.  The Service List for the CAFA Notice is attached hereto as Exhibit A.

5.    On June 25, 2015, in compliance with the Court's Order, page 3, paragraph 2, Heffler received the class list from counsel containing 225,252 class members, along with a list of all telephone numbers that could not be matched to a name or address.  Of the 225,252 class members, 187,316 records contained an email address.  In addition, of the 225,252, 29,286 records contained phone numbers only (no mailing and/or email addresses) (see paragraph 9 below).  8,650 of the 225,252 contained a mailing address, but no email address.

6.    In compliance with the Order, and paragraph 4 of the Settlement Agreement, Heffler obtained a mailing address of *The Body Shop Class Action Settlement* c/o Heffler Claims Group, P.O. Box 58907, Philadelphia, PA 19102-8907 in order to receive Returned Mail, Requests for Exclusion, and correspondence from Class Members.

7.    Pursuant to the Order and paragraph 4 of the Settlement Agreement, Heffler created and is maintaining a dedicated Settlement website entitled www.TheBodyShopTextSettlement.com.  The website contains a summary of the Settlement, frequently asked questions, dates for exclusion and objection deadlines, and final approval hearing; copies of Complaint, Settlement Agreement, Long Form Notice, Email Notice and the Preliminary Approval Order. The website gives the Class Members the ability to contact

DECLARATION OF TERESA Y. SUTOR          -2-                    RE: NOTICE PROCEDURES

Heffler.

8.      On June 30, 2015, Heffler established a toll free number, 1-855-731-7494, for Class Members to call and obtain additional information regarding the settlement. As of September 24, 2015, 124 people have called the toll free number.

9.      On July 8, 2015, Heffler sent 29,286 records that contained a phone number but no mailing address or email address for reverse lookup to obtain mailing addresses. The search resulted in 24,638 new addresses. Updated addresses could not be obtained for 4,648 records.

10.      In compliance with the Order, on or about August 10, 2015, Heffler sent Notice via email to 186,796 members of the Class (520 duplicate records were removed from the 187,316 records received). As of September 24, 2015, there were 26,855 email "hard bounces" (i.e., emails returned as undeliverable). Based on the number of bounces, it is presumed that 157,969 emails were delivered to Class Members. Of the 26,855 undeliverable or invalid records, 11,653 records contained a mailing address, which were used in the Notice mailing (see paragraph 10). Of the 26,855 undeliverable or invalid email addresses, Heffler determined that 15,202 records did not contain a mailing address. A copy of the notice is attached as Exhibit B.

11.      On August 19, 2015, Heffler sent 15,202 phone number records (identified in paragraph 7) for reverse lookup in an effort to obtain mailing addresses. The search resulted in 9,828 addresses being obtained. Mailing addresses could not be located for 5,374 records.

12.      On August 28, 2015, Heffler sent Notice via first class mail to 54,769 Class Members. The breakdown of the 54,769 records is as follows: 8,650 records from the original data that had mailing addresses, 24,638 addresses obtained thru the reverse look-up records that contained only a phone number, 11,653 records with invalid email addresses that contained a mailing address (see paragraph 7), 9,828 records with invalid email address sent thru reverse lookup (see paragraph 8). A copy of the Notice is attached as Exhibit C.

13.      Further in compliance with the Order, the online media campaign included Internet Banner ads appearing on Facebook, Twitter, and Millennial Mobile Media networks. The program commenced on August 13, 2015 and was completed on September 12, 2015, delivering more than 9,507,000 impressions. Internet banner ads provided information for visitors to self-identify themselves as potential Class Members, where they may "click" on the

banner and then link directly to the official settlement website for more information including frequently asked questions and important court documents.   Attached as Exhibit D are screenshots of the banner and mobile banner ads on the various web and mobile websites.

14.      A press release was issued on August 13, 2015 over PR Newswire's US1 full national wire service. The press release resulted in over 200 online news mentions.

15.      As of September 24, 2015, Heffler has received 2,336 notices returned by the USPS as undeliverable as addressed.  Heffler has updated the records in the database.

16.      As of September 24, 2015, Heffler has received 19 notices returned by the USPS with a forwarding address. Heffler's process has updated the addresses and re-mailed the 19 notices.

17.      As of September 24, 2015, Heffler has not received any Requests for Exclusion and no notice of any Class Member objecting to the Settlement.


I declare under penalty of perjury under the laws of the State of California that the above is true and correct to the best of my knowledge and that this Declaration was executed on September 24, 2015 in Philadelphia, Pennsylvania.

TERESA Y. SUTOR