# Exhibit C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

### If you received a text message from The Body Shop then you may be entitled to a benefit from a class action settlement.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- The settlement will provide a twenty-five dollar ($25.00) electronic Gift Card to The Body Shop customers who received a text message from or on behalf of The Body Shop.

- **Your legal rights are affected whether you act or don't act. Please read this entire notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| RECEIVE SETTLEMENT BENEFITS | If you received notice of this Settlement in the mail or by email, then you are a "Known Class Member" and will be mailed or emailed the Settlement Benefit without doing anything further. |
| EXCLUDE YOURSELF | Get no Settlement benefits, and be able to bring your own suit. |
| OBJECT | Write to the Court about why you don't like the Settlement. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the Settlement. |

- These rights and options–**and the deadlines to exercise them**–are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Settlement benefits will become available if the Court approves the Settlement and after any appeals are finished. Please be patient.

# WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ............................................................................................. Page 3
    1. Why did I get this notice?
    2. What is this lawsuit about?
    3. Why is this a class action?
    4. Why is there a Settlement?

**Who is in the Settlement** ................................................................................ Page 3
    5. How do I know if I am part of the Settlement?

**The Settlement Benefits—What You Get** ..................................................... Page 3
    6. What does the Settlement provide?

**How You Can Participate in the Settlement** ............................................... Page 4
    7. How can I participate in the Settlement?
    8. When would I receive my Settlement benefits?
    9. What am I giving up to stay in the Class and receive a benefit?

**Excluding Yourself From the Settlement** ..................................................... Page 5
    10. How do I get out of the Settlement?
    11. If I don't exclude myself, can I sue TBS for the same thing later?
    12. If I exclude myself, can I still benefit from this Settlement?

**The Lawyers Representing You** ..................................................................... Page 5
    13. Do I have a lawyer in the case?
    14. How will the lawyers be paid?

**Objecting to the Settlement** ............................................................................ Page 6
    15. How do I tell the Court that I don't like the Settlement?
    16. What's the difference between objecting and excluding?

**THE COURT'S FAIRNESS HEARING** ................................................................. Page 6
    17. When and where will the Court decide whether to approve the Settlement?
    18. Do I have to come to the hearing?
    19. May I speak at the hearing?

**If You Do Nothing** ............................................................................................ Page 7
    20. What happens if I do nothing at all?

**Getting More Information** .............................................................................. Page 7
    21. Are there more details about the Settlement?
    22. How do I get more information?

## BASIC INFORMATION

### 1. Why did I get this notice?

The Court ordered this notice because you have a right to know about a proposed Settlement of a class action lawsuit of which you may be a member, and about your options, before the Court decides whether to approve the Settlement.

If the Court approves it and after any objections and appeals are resolved, The Body Shop will provide a twenty-five dollar ($25.00) electronic Gift Card to eligible class members. This notice explains the lawsuit, the Settlement, your legal rights, the benefits available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Eastern District of California and the case is entitled *Lambert v. Buth-Na-Bodhaige, Inc., et al.* 2:14-cv-00514-MCE-KJN. The person who sued, Aimee Lambert, is called the Plaintiff, and the companies she sued, Buth-Na-Bodhaige, Inc. d/b/a The Body Shop ("TBS") and Raze Media LLC ("Raze"), are called the Defendants.

### 2. What is this lawsuit about?

The lawsuit claimed that TBS and Raze violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") by allegedly using an automatic telephone dialing system to send unsolicited text messages to cell phones without prior express written consent. TBS denies that it did anything wrong.

### 3. Why is this a class action?

In a class action, one or more people, called Class Representative (in this case Aimee Lambert), sues on behalf of people who have similar claims. All these people are a Class or Class Members. One court resolves the issues for all Class Members, except for those who ask to be excluded from the Class. U.S. District Judge Morrison C. England, Jr. is in charge of this class action.

### 4. Why is there a Settlement?

The Court has not decided in favor of Plaintiff or any Defendant. Instead, Plaintiff and TBS agreed to a Settlement. That way, they avoid the cost of a trial, and the people affected will benefit. The Class Representative and her attorneys think the Settlement provides the best result for the Class Members.

## WHO IS IN THE SETTLEMENT

### 5. How do I know if I am part of the Settlement?

You are part of the Settlement if you received a text message from, or on behalf of, TBS between February 20, 2010 and February 20, 2014, as reflected by Defendants' combined records.

## THE SETTLEMENT BENEFITS—WHAT YOU GET

### 6. What does the Settlement provide?

TBS will mail or email a twenty-five dollar ($25.00) electronic Gift Card to all members of the Settlement Class for whom TBS has, or for whom it will obtain, addresses as well as those it has, or for whom it will obtain, email addresses.

The Gift Card may be redeemed either in-person at any U.S. retail location of The Body Shop or online at www.thebodyshop-usa.com. The Gift Card may be given to another person, and there is no expiration date or minimum purchase amount required for use of the Gift Card.

## How You Can Participate in the Settlement

### 7. How can I participate in the Settlement?

If you received notice of this Settlement in the mail or by email, then you are a "Known Class Member" and will be sent the Settlement Benefit without doing anything further. The process to receive benefits offered under the Settlement depends on whether or not you received notice of the Settlement in the mail or by email.

> **Mail** - If you received notice of this Settlement in the mail, then TBS records show that you are a member of the Settlement Class and you will receive the Settlement benefit (a twenty-five dollar ($25.00) Gift Card) in the mail.
>
> **Email** - if you received notice of this Settlement by email, then TBS records show that you are a member of the Settlement Class and you will receive the Settlement benefit (a twenty-five dollar ($25.00) Gift Card) by email.

If you did not receive notice of the Settlement by mail or email, but believe yourself to be part of the Settlement Class you can contact the Settlement Administrator online at www.TheBodyShopTextSettlement.com. Once at the Settlement Website, click on "Contact Us" and provide your name, email or physical address, and cellular telephone number (i.e., the number at which you received a text message from TBS). If Defendants' records confirm that your cellular telephone number is among the numbers that received one more texts during the class period, you are a member of the Settlement Class and the Settlement benefit will be sent to you via the address provided, if the Settlement is finally approved by the Court.

### 8. When would I receive my Settlement benefits?

The Court will hold a hearing on November 12, 2015, at 2:00 p.m. at the United States District Court for the Eastern District of California, Courtroom 7, 501 I Street, Sacramento, CA 95814, to decide whether to approve this Settlement.

If the Court approves the Settlement and enters a final judgment, there may be appeals. It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps even more than a year. If there are no appeals, you will receive the Settlement benefit within approximately 2 months of the court's entry of final judgment.

You may continue to check on the progress of the Settlement by visiting the website www.TheBodyShopTextSettlement.com.

### 9. What am I giving up to stay in the Class and receive a benefit?

Unless you exclude yourself, you will remain in the Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against TBS, Raze, and certain affiliated companies and people about the legal issues in this case if the Settlement is approved. It also means that all of the Court's orders will apply to you and legally bind you.

As part of the Settlement, the Class Representative has agreed to dismiss all claims of the members of Settlement Class relating to any and all claims against TBS and Raze concerning text messages sent by, or on behalf of, TBS. This means that all persons who do not opt-out of the Settlement will be

barred from bringing any claims on their own for the conduct that Plaintiff claims violates the TCPA, even if they do not receive a gift card.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want to participate in this Settlement, but you want to keep the right to sue or continue to sue TBS on your own about the legal issues in this case, then you must take steps to get out. This is called excluding yourself, and is sometimes referred to as opting out of the Class.

### 10. How do I get out of the Settlement?

To exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded from the Settlement. Be sure to include your name, address, cellular telephone number (i.e., the number at which you received a text message from TBS), your signature, and refer to the case - *Lambert v. Buth-Na-Bodhaige, Inc., et al.* 2:14-cv-00514-MCE-KJN. You must mail your exclusion request to the Settlement Administrator postmarked no later than October 13, 2015 to:

> The Body Shop Class Action Settlement
> c/o Heffler Claims Group
> P.O. Box 58907
> Philadelphia, PA 19102-8907

You can't exclude yourself on the phone or by e-mail. If you ask to be excluded, you will not get any of the Settlement benefits, and you cannot object to the Settlement. You will also not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) TBS in the future.

### 11. If I don't exclude myself, can I sue TBS for the same thing later?

**No.** Unless you exclude yourself, you give up the right to sue TBS for the claims that this Settlement resolves. If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately. You must exclude yourself from this Class to continue your own lawsuit. Remember, the exclusion deadline is October 13, 2015.

### 12. If I exclude myself, can I get benefits from this Settlement?

**No.** If you exclude yourself, you cannot seek benefits under the Settlement. But, you may sue, continue to sue, or be part of a different lawsuit against TBS.

## THE LAWYERS REPRESENTING YOU

### 13. Do I have a lawyer in the case?

The Court has appointed Hornberger Law Corporation to represent you and the Class. These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 14. How will the lawyers be paid?

The attorneys who brought the case on your behalf are requesting attorney's fees and costs in the amount of $1,600,000, which must be approved by the Court. The Class Representative will also seek

compensation for her efforts in the amount of $5,000, which must be approved by the Court. The Court may award less than these amounts. TBS will pay the fees and expenses that the Court awards, and TBS has agreed not to oppose these requests for fees and expenses. TBS will also pay the costs to administer the Settlement.

Class Counsel will file with the Court, and post on the Settlement website at www.TheBodyShopTextSettlement.com, their Motion for Class Counsel Fees, Litigation Expenses, and Class Representative Payments by September 29, 2015, which is 14 days prior to the deadline for Class Members to Object to the Settlement.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

### 15. How do I tell the Court that I don't like the Settlement?

If you stay in the Class, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to the Settlement in *Lambert v. Buth-Na-Bodhaige, Inc., et al.* 2:14-cv-00514-MCE-KJN. Be sure to include your name, address, cellular telephone number (i.e., the number at which you received a text message from TBS), your signature, and the reasons you object to the Settlement. Mail the objection to the three addresses below, postmarked no later than October 13, 2015:

| To the Court: | To Class Counsel: | To Defense Counsel: |
|---|---|---|
| Clerk of Court<br>United States District Court<br>Eastern District of California<br>501 I Street<br>Sacramento, CA 95814 | Nicholas Hornberger<br>HORNBERGER LAW CORP.<br>633 West Fifth Street, 28th Floor<br>Los Angeles, CA 90071 | Michael Stortz<br>DRINKER BIDDLE & REATH LLP<br>50 Fremont St., 20th Floor<br>San Francisco, CA 94105 |

### 16. What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you cannot object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you don't have to.

### 17. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Fairness Hearing on November 12, 2015, at 2:00 p.m. at the United States District Court for the Eastern District of California, Courtroom 7, 501 I Street, Sacramento, CA 95148, to consider whether the Settlement is fair, reasonable and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay Class Counsel. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take. The hearing may be continued without further notice.

### 18. Do I have to come to the hearing?

**No.** Class Counsel will answer questions the Court may have. But you are welcome to come at your own expense. You may also pay your own lawyer to attend. If you send a written objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it.

### 19. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Lambert v. Buth-Na-Bodhaige, Inc., et al.* 2:14-cv-00514-MCE-KJN". Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than October 13, 2015, and be sent to the Clerk of the Court, Class Counsel, and Defense Counsel, at the three addresses in Question 15. You cannot speak at the hearing if you excluded yourself.

## IF YOU DO NOTHING

### 20. What happens if I do nothing at all?

If you do nothing at all, you will remain in the Class and may receive a benefit from the Settlement. For any questions as to how to participate in the Settlement, see Question 7 above: "How can I participate in the Settlement?"

If you do not exclude yourself and did not receive notice of this Settlement in the mail or by email, you will receive no benefit from the Settlement, and you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against TBS about the legal issues in this case, ever again.

## GETTING MORE INFORMATION

### 21. Are there more details about the Settlement?

This notice summarizes the proposed Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement by writing to Class Counsel listed under Question 15 above, or you can download a copy online by visiting www.TheBodyShopTextSettlement.com.

### 22. How do I get more information?

You can write to the Settlement Administrator, The Body Shop Class Action Settlement, c/o Heffler Claims Group, P.O. Box 58907, Philadelphia, PA 19102-8907, or call 1-855-731-7494 to ask questions about the Settlement, be able to sign up to be notified if the Settlement is approved, plus other information to help you determine whether you are a Class Member and how to receive a Settlement benefit. You may also visit www.TheBodyShopTextSettlement.com or contact Class Counsel listed under Question 15 above.

**Please do not contact the Clerk of the Court or the Judge with questions.**