**NICHOLAS W. HORNBERGER, BAR NO. 53776**
**NATHAN VERBISCAR-BROWN, BAR NO. 286377**
**HORNBERGER LAW CORPORATION**
633 W. Fifth Street, 28th Floor
Los Angeles, California 90071
Tel (213) 488-1655
Fax (213) 488-1255

Attorneys for Plaintiff
AIMEE LAMBERT and the CLASS

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIMEE LAMBERT, an individual, on behalf of herself and all others similarly situated;<br><br>        Plaintiff,<br><br>vs.<br><br>BUTH-NA-BODHAIGE, INC., a Delaware corporation; RAZE MEDIA, INC., a Texas corporation; and DOES 1 -50, inclusive<br><br>        Defendants. | Case No. 2:14-cv-00514-MCE-KJN<br><br>**CLASS ACTION**<br><br>**DECLARATION OF NICHOLAS W. HORNBERGER IN SUPPORT OF *UNOPPOSED* MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:      November 12, 2015<br>Time:     2:00 p.m.<br>Courtroom: 7<br>Judge:    The Hon. Morrison C. England |

I, Nicholas W. Hornberger, declare:

1.      I am an attorney at law duly licensed before all the Courts of the State of California. I am managing partner in the law firm Hornberger Law Corporation.  I make the following declaration in support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement in the above-entitled matter.  The following is based on my personal knowledge, and if called and sworn as a witness, I could and would competently testify thereto.

2.      Attached hereto as Exhibit 'A' is a true and correct copy of the Class Action Settlement Agreement along with the accompanying notices.

3.      Plaintiff filed this Action on February 20, 2014. Thereafter, Defendant Buth-Na-Bodhaige, Inc. dba The Body Shop ("TBS") moved this Court to stay or dismiss this Action based upon various pending petitions for review before the FCC.  This Court granted TBS's motion to stay the Action on August 20, 2014.  As a result of this Court's Order, and with both Parties fully aware of how any ruling by the FCC could materially impact their respective cases, the Parties opted to explore resolution of this Action during the stay. Thus, the Parties attended mediation with the Hon. Fred K. Morrison (Ret.) of JAMS on March 24, 2015.

4.      Prior to mediation, the Parties exchanged significant information concerning the size of the alleged class as well as information relating to Raze, the agent retained by TBS to send the messages on behalf of TBS. At the mediation, the Parties reached an agreement to resolve this Action for which they now seek preliminary approval.  Following mediation, the parties turned to finalizing the Settlement Agreement, claim forms, notice documents, and preliminary approval papers.  Class Counsel worked in close consultation with the Settlement Administrator throughout this process.

5.      Plaintiff submitted her *Unopposed* Motion for Preliminary Approval on June 11, 2015.  On or about July 1, 2015, this Court entered an Order requesting the parties to submit supplemental briefing regarding the impact, if any, that the United States Supreme Court's grant of *certiorari* in *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871 (9th Cir. 2014) on the Settlement.  On or about July 14, 2015, the parties respectively filed their supplemental briefing each stating that

- 2 -

DECLARATION OF NICHOLAS W. HORNBERGER ISO *UNOPPOSED* MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT

neither believed *Gomez* would have any impact on the present case nor the Settlement and requesting the Court enter an order granting final approval. On or about July 29, 2015, the Court entered an order granting preliminary approval, ordering notice be sent to the Settlement Class, setting an "opt out/exclusion" deadline, setting a deadline for Class Counsel to submit a motion for attorneys' fees, costs, and incentive awards, and setting a hearing date for final approval.

6. On or about September 28, 2015, Class Counsel filed and served their Motion for an Award of Attorneys' Fees, Costs, and Incentive Awards with the Court. In addition, a copy of the Motion for an Award of Attorneys' Fees, Costs, and Incentive Awards was posted on the settlement website.

5. Based on data provided by TBS and its counsel, the number of members of the Settlement Class is estimated at 225,252 individuals. This data was subject to significant review by both Class Counsel, TBS, the Claims Administrator, and Raze.

7. Plaintiff and the Class continue to believe that their claims against TBS have merit and that they could make a compelling case if their claims were tried. If Plaintiff and the Class were to prevail, TBS could face hefty statutory penalties. Nevertheless, it is apparent that Plaintiffs and the Class would face a number of difficult challenges if the litigation were to continue. TBS has also denied liability for the claims Plaintiff has asserted. Thus, even if Plaintiff and the Class were to ultimately prevail at trial, a result that is not guaranteed, they likely face a long and costly appeals process.

8. While Plaintiff continues to believe that class certification would be achievable, TBS consistently argued that class certification would be inappropriate in these actions due to the question of whether Class Members provided express written consent to the calls at issue. If the Court were to accept TBS's position, it is likely that no class would be certified and that judgment would be entered in favor of TBS. *Id.* Considering the fact that Courts have been divided as to whether issues of "prior express consent" (let alone "express written consent") can be adjudicated class-wide (*compare Meyer v. Portfolio Recovery Associates*, 707 F.3d 1036, 1042 (9th Cir. 2012) (upholding class certification) *with Gene And Gene LLC v. BioPay LLC,* 541 F.3d 318, 328 (5th

**DECLARATION OF NICHOLAS W. HORNBERGER ISO *UNOPPOSED* MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Cir. 2008) (reversing class certification)), if TBS were able to present convincing facts to support its position, there is a risk that the Court would decline to certify the Class, leaving only the named Plaintiff to pursue her individual claims.

9.      In addition, there were substantial risks in continuing this litigation.  Mainly, the United States Supreme Court's recent grant of *certiorari* in *Spokeo, Inc. v. Robins* and *Gomez v. Campbell-Ewald Co.* could, depending upon their respective outcome, effectively end this litigation not only on behalf of the Class, but Plaintiff as well. As such, considering the risks, the Settlement is an excellent result.

10.     The Settlement was informed by Class Counsel's thorough investigation and analysis of the factual and legal issues involved.  As detailed above, Class Counsel spent significant time thoroughly investigating the factual and legal claims involved in this case that were vigorously contested by TBS. While both sides strongly believe in the merits of their respective cases, there are risks to both sides in continuing the Litigation.

11.     The Settlement was informed by Class Counsel's thorough investigation and analysis of the factual and legal issues involved. In addition, prior to engaging in settlement negotiations, the parties had fully briefed TBS's Motion to Dismiss or Motion to Stay.  Once the parties agreed to engage in settlement negotiations, they informally exchanged pertinent information and documents including case law and relevant rulemaking by the FCC.  The parties also exchanged and reviewed informal post-settlement discovery to ensure that the information exchanged during negotiations regarding call record data and the scope and size of the class was complete and accurate.  Through this exchange, the parties thoroughly explored their respective positions on the merits of the action, the viability of class certification, and damages. Accordingly, while the action was settled prior to class certification, the final terms of settlement were agreed to only after Class Counsel thoroughly vetted the claims and potential damages through the exchange of both informal and formal discovery, and participated in lengthy arm's length negotiations.

12.     Class Counsel has a keen understanding of the legal and factual issues involved in this case. Class Counsel fully endorse the settlement as fair, adequate, and reasonable.

- 4 -

**DECLARATION OF NICHOLAS W. HORNBERGER ISO *UNOPPOSED* MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

13.     No governmental agency is directly involved in this lawsuit. To date, no governmental entity has raised objections or concerns about the Settlement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed October 22, 2015 in Los Angeles, California.

/s/ Nicholas W. Hornberger
Nicholas W. Hornberger

**DECLARATION OF NICHOLAS W. HORNBERGER ISO *UNOPPOSED* MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**