# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIMEE LAMBERT, an individual, on behalf of himself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>BUTH-NA-BODHAIGE, INC., a Delaware corporation;<br>RAZE MEDIA, INC. a Texas corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 2:14-cv-00514-MCE-KJN<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement came on for hearing before this Court on November 12, 2015, the Honorable Morrison C. England presiding. Having considered the Notice of Motion, the supporting Memorandum of Points and Authorities, the Declarations of Nicholas Hornberger and Heffler Claims Group, and the arguments of counsel, as well as all other matters presented to the Court, and based on the findings below and for good cause shown, **IT IS HEREBY ORDERED THAT** the Motion is **GRANTED** in its entirety.

The Court has (1) reviewed and considered the terms and conditions of the proposed Settlement as set forth in the Settlement Agreement; (2) reviewed and considered the application of Class Counsel for an award of attorneys' fees, costs, expenses, and incentive award; (3) held a Final Approval Hearing after being satisfied that notice to the Class has been provided in accordance with the Court's Order Granting Preliminary Approval to Proposed Class Settlement entered on July 29, 2015 (the "Preliminary Approval Order"); (4) taken into account the presentations and other proceedings at the Final Approval Hearing; and (5) considered the Settlement in the context of all prior proceedings had in this litigation.  Accordingly, the Court enters the following FINDINGS and CONCLUSIONS:

A. The Court finds and concludes that it has subject-matter jurisdiction over this Action and all claims within this Action, and personal jurisdiction over all the parties to this Action, including all members of the Class.

B. The Court finds and concludes that the Class provisionally certified in the Preliminary Approval Order has been appropriately certified for settlement purposes.  Class Counsel and the Class Representative have fairly and adequately represented the Class for purposes of entering into and implementing the Settlement.

C. The notice to putative Class Members was comprised of individual mailed and emailed notice to all Class Members for whom Defendant has an email or postal address.  The Court finds and concludes that this notice (i) constituted the best notice practicable under the circumstances, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise the putative Class Members of the pendency of the Action, and of their right to object

and to appear at the Final Approval Hearing or to exclude themselves from the Settlement, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) fully complied with due process principles and Federal Rule of Civil Procedure 23.

D. The Court has held a Final Approval Hearing to consider the fairness, reasonableness, and adequacy of the Settlement and has been advised that there have been no objections to the Settlement and that no class member has elected to opt out of the Settlement.

E. The Court finds and concludes that the Settlement is the product of good faith, arm's-length negotiations between the Class Representative and Class Counsel, on the one hand, and Defendant and its counsel, on the other hand.

F. The Court finds and concludes that the Settlement, as provided for in the Settlement Agreement, is in all respects fair, reasonable, adequate, and proper, and in the best interest of the Class.  In reaching this conclusion, the Court considered a number of factors, including:  (i) the strength of Plaintiff' case; (ii) the risk, expense, complexity, and likely duration of further litigation; (iii) the risk of maintaining class action status throughout the trial; (iv) the amount offered in settlement; (v) the extent of discovery completed, and the stage of the proceedings; (vi) the experience and views of counsel; (vii) the presence of a governmental participant; and (viii) the reaction of the class members to the proposed settlement.  *See Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993).

G. The Court finds and concludes that all Class Members (as permanently certified below) shall be subject to all of the provisions of the Settlement, the Settlement Agreement, this Order, and final Judgment to be entered by the Clerk of the Court.

H. The Court finds and concludes that the requirements of Rule 23(a) and (b)(3) have been satisfied for settlement purposes, for the reasons set forth herein and in the Preliminary Approval Order.  The Court finds and concludes that the number of Class Members is so numerous that joinder of all members is impracticable; that there are questions of law or fact common to the class; that the claims of the Class Representatives are typical of the claims of the Class; that the Class Representatives will fairly and adequately protect the interests of the class;

1  that the questions of law or fact common to Class Members predominate over any questions
2  affecting only individual members; and that a class action is superior to other available methods
3  for fairly and efficiently adjudicating the controversy.  The Court notes that because this
4  certification of the Class is in connection with the Settlement rather than litigation, the Court
5  need not address any issues of manageability that may be presented by certification of the class
6  proposed in the Settlement.

7  The Court having found and concluded that each of the elements of Federal Rules of
8  Civil Procedure 23(a) and 23(b)(3) are satisfied, for purposes of settlement only, the Class is
9  permanently certified pursuant to Federal Rule of Civil Procedure 23, on behalf of the following
10 persons: all individuals in the United States who received a text message sent by or on behalf of
11 Buth-Na-Bodhaige, Inc., d/b/a The Body Shop ("TBS") during the period of time from February
12 20, 2010 to February 20, 2014, as reflected by the combined records of Raze Media, LLC and
13 TBS.

14 For purposes of Settlement only, the named Plaintiff is certified as representative of the
15 Class and Class Counsel is appointed counsel to the Class.  The Court concludes that Class
16 Counsel and the Class Representative have fairly and adequately represented the Class with
17 respect to the Settlement and the Settlement Agreement.

18 The Court has reviewed the application for an award of fees, costs, and expenses
19 submitted by Class Counsel and the exhibits, memoranda of law, and other materials submitted
20 in support of that application.  The Court recognizes that Defendant has not opposed the
21 application for an incentive award of $5,000.00 to be paid by Defendant to Plaintiff and an award
22 of attorneys' fees and costs of $1,600,000.00 to be paid by Defendant.  The Court finds that
23 Class Counsel's request for attorneys' fees and expenses is fair, reasonable, and appropriate and
24 hereby awards fees and expenses to Class Counsel in the aggregate amount of $1,600,000.00 and
25 an incentive award to named Plaintiff in the amount of $5,000.00, to be paid by Defendant in
26 accordance with the terms of the Settlement Agreement.

27
28

1  Having finally approved the Settlement Agreement, the Action and the claims alleged therein are hereby ordered dismissed with prejudice. The Court will enter a final judgment consistent with this Order.

**IT IS SO ORDERED.**

DATED: _____   _____
　　　　　　　　　　　　　　　　　　　　The Honorable Morrison C. England
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE