# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIMEE LAMBERT, an individual, on behalf of himself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>BUTH-NA-BODHAIGE, INC., a Delaware corporation;<br>RAZE MEDIA, INC. a Texas corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 2:14-cv-00514-MCE-KJN<br><br>**[PROPOSED] FINAL JUDGMENT** |

The Court has (1) reviewed and considered the terms and conditions of the proposed Settlement as set forth in the Settlement Agreement, which is attached hereto and incorporated herein by reference; (2) reviewed and considered the application of Class Counsel for an award of attorneys' fees, costs, expenses, and incentive award; (3) held a Final Approval Hearing on November 12, 2015 after being satisfied that notice to the Class has been provided in accordance with the Court's Order Granting Preliminary Approval to Proposed Class Settlement entered on July 29, 2015 (the "Preliminary Approval Order"); (4) taken into account the presentations and other proceedings at the Final Approval Hearing; and (5) considered the Settlement in the context of all prior proceedings had in this litigation.  Accordingly, the Court enters the following FINDINGS and CONCLUSIONS:

A. The Court finds and concludes that it has subject-matter jurisdiction over this Action and all claims within this Action, and personal jurisdiction over all the parties to this Action, including all members of the Class.

B. The Court finds and concludes that the Class provisionally certified in the Preliminary Approval Order has been appropriately certified for settlement purposes.  Class Counsel and the Class Representative have fairly and adequately represented the Class for purposes of entering into and implementing the Settlement.

C. The notice to putative Class Members was comprised of individual mailed and emailed notice to all Class Members for whom Defendant has an email or postal address.  The Court finds and concludes that this notice (i) constituted the best notice practicable under the circumstances, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise the putative Class Members of the pendency of the Action, and of their right to object and to appear at the Final Approval Hearing or to exclude themselves from the Settlement, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) fully complied with due process principles and Federal Rule of Civil Procedure 23.

D. The Court has held a Final Approval Hearing to consider the fairness, reasonableness, and adequacy of the Settlement and has been advised that there have been no objections to the Settlement and that no class member has elected to opt out of the Settlement.

E. The Court finds and concludes that the Settlement is the product of good faith, arm's-length negotiations between the Class Representative and Class Counsel, on the one hand, and Defendant and its counsel, on the other hand.

F. The Court finds and concludes that the Settlement, as provided for in the Settlement Agreement, is in all respects fair, reasonable, adequate, and proper, and in the best interest of the Class. In reaching this conclusion, the Court considered a number of factors, including: (i) the strength of Plaintiff' case; (ii) the risk, expense, complexity, and likely duration of further litigation; (iii) the risk of maintaining class action status throughout the trial; (iv) the amount offered in settlement; (v) the extent of discovery completed, and the stage of the proceedings; (vi) the experience and views of counsel; (vii) the presence of a governmental participant; and (viii) the reaction of the class members to the proposed settlement. *See Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993).

G. The Court finds and concludes that all Class Members (as permanently certified below) shall be subject to all of the provisions of the Settlement, the Settlement Agreement, and this final Judgment.

On the basis of the foregoing findings and conclusions, as well as the submissions and proceedings referred to above, NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

**Certification of Class and Approval of Settlement**

1. The Settlement and the Settlement Agreement are hereby approved as fair, reasonable, adequate, and in the best interests of the Class, and the requirements of due process and Federal Rule of Civil Procedure 23 have been satisfied. The parties are ordered and directed to comply with the terms and provisions of the Settlement Agreement.

2. The Court having found that each of the elements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied, for purposes of settlement only, the Class is

1  permanently certified pursuant to Federal Rule of Civil Procedure 23, on behalf of the following
2  persons: all individuals in the United States who received a text message sent by or on behalf of
3  Buth-Na-Bodhaige, Inc., d/b/a The Body Shop ("TBS") during the period of time from February
4  20, 2010 to February 20, 2014, as reflected by the combined records of Raze Media, LLC and
5  TBS.
6        The Court readopts and incorporates herein by reference its preliminary conclusions as to
7  the satisfaction of Rules 23(a) and (b)(3) set forth in the Preliminary Approval Order and Final
8  Approval Order and notes again that because this certification of the Class is in connection with
9  the Settlement rather than litigation, the Court need not address any issues of manageability that
10 may be presented by certification of the class proposed in the Settlement.
11       3.      For purposes of Settlement only, the named Plaintiff is certified as representative
12 of the Class and Class Counsel is appointed counsel to the Class.  The Court concludes that Class
13 Counsel and the Class Representative have fairly and adequately represented the Class with
14 respect to the Settlement and the Settlement Agreement.

### Release and Injunctions Against Released Claims

16       4.      As of the date of entry of Judgment, Plaintiff and all Class Members fully, finally,
17 and forever release, relinquish, and discharge any and all actual, potential, filed, known or
18 unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims,
19 demands, liabilities, rights, causes of action, contracts or agreements, extracontractual claims,
20 damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and/or
21 obligations (including "Unknown Claims" as defined in the Settlement Agreement), whether in
22 law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and
23 description whatsoever, whether based on the Telephone Consumer Protection Act, 47 U.S.C.
24 Section 227, or other federal, state, local, statutory or common law or any other law, rule or
25 regulation, including the law of any jurisdiction outside the United States, against the Released
26 Parties (as defined in the Settlement Agreement), or any of them, arising out of the facts,
27 transactions, events, matters, occurrences, acts, disclosures, statements, representations,
28 omissions or failures to act regarding the alleged receipt of text messages sent by or on behalf of

1  TBS during the period of time from February 20, 2010 to February 20, 2014, including all claims
2  that were brought or could have been brought in the Action, belonging to any and all Releasing
3  Parties (as defined in the Settlement Agreement).
4      5.    Any rights of the Class Representative and each and every one of the Class
5  Members to the protections afforded under Section 1542 of the California Civil Code and/or any
6  other similar, comparable, or equivalent laws, are terminated.
7      6.    Plaintiff and all Class Members are hereby permanently barred and enjoined from
8  filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in,
9  any lawsuit or other action in any jurisdiction based on the Released Claims (as enumerated above
10 and defined in the Settlement Agreement).

**Other Provisions**

12     7.    The Court approves a fee award to Class Counsel of $1,600,000, which the Court
13 finds to be fair and reasonable for the reasons set forth in the Final Approval Order. TBS shall
14 pay the fee award pursuant to and in the manner provided by the terms of the Settlement
15 Agreement.
16     8.    The Court approves the payment of an incentive award to the Class
17 Representative in the amount of $5,000 for the reasons set forth in the Final Approval Order.
18 Defendant shall pay the incentive award pursuant to and in the manner provided by the terms of
19 the Settlement Agreement.
20     9.    The parties are authorized to agree to and adopt such amendments, modifications
21 and expansions of the Settlement Agreement and its implementing documents (including all
22 Exhibits to the Agreement) that (1) shall be consistent in all material respects with this Final
23 Judgment, and (2) do not limit the rights of Class Members.

**Dismissal; Continuing Jurisdiction**

25     10.    The Action and the claims alleged therein are hereby ordered dismissed with
26 prejudice.

1  11. Without in any way affecting the finality of this Judgment, this Court hereby retains jurisdiction as to all matters relating to the interpretation, administration, consummation, and enforcement of the Settlement Agreement and this Judgment.

**The Court hereby enters judgment in this case, pursuant to Federal Rule of Procedure 58.**

IT IS SO ORDERED.

DATED: _____     _____
                                   The Honorable Morrison C. England
                                   UNITED STATES DISTRICT JUDGE